## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



October 4, 2024

**VIA CM/ECF**

      Re:   *In re Pack Liquidating, LLC, et al.*, Case No. 22-10797

            *Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al., derivatively on behalf of the Debtors' estates v. Kepler Group, LLC, et al.*, Adv. Proc. No. 23-50536

Dear Counsel:

The debtors in this bankruptcy case operated an e-commerce business as third-party sellers of health, beauty, and other consumer products on online marketplaces.[1] The debtors filed their chapter 11 petitions in August 2022. The Committee filed this adversary proceeding seeking to avoid, as preferences and/or as fraudulent conveyances, $409,044.05 in payments that the debtors allegedly made to or for the benefit of the defendants in the 90 days before the bankruptcy filing.[2]

---

[1] Packable Holdings LLC and its affiliated debtors are referred to as the "debtors."

[2] The Official Committee of Unsecured Creditors, the plaintiff in this action, is referred to as the "Committee."

...

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 2 of 12

One of the defendants, Kepler, has moved to dismiss.[3] Kepler's principal argument is that $389,108.09 in payments are not recoverable as a matter of law because Kepler was not the "initial transferee," as defined by § 550 of the Bankruptcy Code, of the transfers in that amount. Instead, Kepler contends that it was a "mere conduit." Kepler also contends that the fraudulent conveyance claim fails because the complaint does not assert that the debtors received less than reasonably equivalent value in exchange for the transfers. Additionally, Kepler argues that the complaint fails to allege facts that would establish that the debtors were insolvent at the date of, or became insolvent as a result of, the transfers. Both the Committee and Amazon filed oppositions to Kepler's motion to dismiss, arguing that the affirmative defense of a mere conduit is premature at the pleading stage of this case.[4]

The Court concludes that the complaint, on its face, does not allege Kepler was a mere conduit. The Court will accordingly deny the motion to dismiss.

**Factual and Procedural Background**

Kepler is an e-marketing services provider that licenses and installs Amazon advertising platforms for its customers. The complaint alleges that Kepler purchased advertising campaigns from Amazon as an agent of the debtors. Amazon would bill Kepler each month for the services that Amazon provided to the debtors. Kepler, in turn, billed the debtors for the amount of Amazon's invoices, plus a fee for Kepler's

---

[3] Defendant Kepler Group, LLC is referred to as "Kepler."

[4] *See* D.I. 31, 32, & 36.

Case 23-50536-CTG    Doc 46    Filed 10/04/24    Page 3 of 12

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 3 of 12

services. The complaint further alleges that Kepler would then pay the Amazon invoices after it received payment from the debtors.

## Jurisdiction

The Committee asserted claims to avoid and recover preferential transfers and fraudulent conveyances. These claims arise under the Bankruptcy Code (§§ 547, 548, and 550) and are thus within the district court's "arising under" jurisdiction as set out in 11 U.S.C. § 1334(b). These cases have been referred to this Court under 28 U.S.C. § 157(a) and the February 29, 2012 Standing Order of Reference of the United States District Court for the District of Delaware.

## Analysis

At the motion to dismiss stage, the Court must determine whether the complaint's factual allegations, along with any attached exhibits, are sufficient to state the claims alleged. The Federal Rules of Civil Procedure require only a "short plain statement of the claim showing that the pleader is entitled to relief."[5] Rule 9 requires particularity when the plaintiff alleges fraud or mistake, but intent and knowledge may be alleged generally.[6] The purpose is to place defendants fairly on notice of the conduct alleged to give rise to the cause of action at issue.[7]

---

[5] Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008.

[6] Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009.

[7] *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 198 (D. Del. 2000).

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 4 of 12

The Third Circuit has set forth a two-step analysis to evaluate a motion to dismiss. *First*, courts should separate the factual and legal elements of a claim, accepting only the well-pled facts as true while disregarding any legal conclusions. And *second*, courts should determine whether the facts alleged, assuming them to be true, give rise to a plausible claim for relief.[8]

Generally, on a motion to dismiss, courts must limit their consideration to matters contained within the four corners of a complaint, including materials attached thereto.[9] There is, however, an exception that permits the consideration of a document that is either integral to or explicitly relied upon in the complaint.[10] In addition, those documents must be "undisputedly authentic" and attached as an exhibit to the motion to dismiss if the plaintiff's claims are based on that document.[11]

Kepler appended to its motion to dismiss a declaration signed by its counsel that purported to authenticate certain documents that were not attached to the complaint.[12] The Committee responds by objecting to that declaration, observing that it is not clear from the declaration that the declarant has personal knowledge of the

---

[8] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (giving effect to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

[9] *See Pension Ben. Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196-97 (3d Cir. 1993). Note that under Federal Rule of Civil Procedure 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

[10] *See Angstadt v. Midd-West School Dist.,* 377 F.3d 338, 342 (3d Cir. 2004); *In re Start Man Furniture, LLC*, No. 22-50317, 2023 WL 2717662 (Bankr. D. Del. Mar. 30, 2023).

[11] *Pension Ben.,* 998 F. 2d at 1196.

[12] D.I. 22.

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 5 of 12

documents.[13] While the Committee's objection does not expressly challenge the authenticity of the documents, the point of the objection is that the attached documents themselves raise questions (including, perhaps, questions of authenticity) that the Committee has not had the opportunity to explore. The exception to the principle that a motion to dismiss should be premised on the allegations of the complaint and materials attached thereto, recognized in *White Consolidated Industries*, is a narrow one. Extraneous documents may be considered only when they are *indisputably* authentic. To find otherwise would risk bumping up against Rule 12(d), which provides that reliance on material outside the pleadings generally requires a court to treat the motion as one for summary judgment under Rule 56.[14] The Court will accordingly limit its consideration to the matters set forth in the complaint itself.

I.   **The complaint does not on its face plead facts that establish the affirmative defense of mere conduit.**

Kepler argues that this complaint should be dismissed on the grounds that it is a mere conduit, not an initial transferee. As this Court addressed in *In re Art Institute of Philadelphia*, "a motion to dismiss measures the allegations set forth in the complaint against the elements of a plaintiff's *prima facie* case. The availability

---

[13] D.I. 32 at 6.

[14] Fed. R. Civ. P. 12(d). Note that in addition, Amazon contends in its opposition that the materials cited are not expressly relied on in the complaint. *See* D.I. 36 at 6-7.

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 6 of 12

of a potential affirmative defense is not generally cognizable on a motion to dismiss."[15] There is an exception, however, where the availability of the affirmative defense is apparent based on the plaintiff's own factual allegations.[16]

Section 550(a) enables the trustee to recover transfers avoided under §§ 547 and 548 from the initial transferee of such transfers, the entity for whose benefit such transfers were made, or any subsequent transferee.[17] A defense to such recovery is available, however, for "parties who act as a mere conduit in receiving a transfer solely for another and not for their own benefit."[18] A party that is a "mere conduit" is not a transferee from whom the trustee may recover transferred property under § 550.[19]

"To be a 'mere conduit,' a defendant must establish that it lacked dominion and control over the transfer because the payment simply passed through its hands and it had no power to redirect the funds to its own use."[20] "Where a transferee is 'not under any contractual or other obligation to use [transferred funds] for the benefit of [third parties,]' but rather, may use the funds freely, it is not a 'mere conduit.'"[21]

---

[15] No. 20-50627, 2022 WL 18401591, at *7 (Bankr. D. Del. Jan. 12, 2022).

[16] *See id.*

[17] 11 U.S.C. § 550(a)(1)-(2).

[18] *In re CVEO Corp.,* 327 B.R. 210, 216 (Bankr. D. Del. 2005).

[19] *In re FBI Wind Down, Inc.,* 614 B.R. 460, 500 (Bankr. D. Del. 2020).

[20] *In re Lenox Healthcare, Inc.,* 343 B.R. 96, 103 (Bankr. D. Del. 2006) (internal quotation and citations omitted).

[21] *Id.* at 104 (quoting *In re 360networks (USA) Inc.,* 338 B.R. 194, 202 (Bankr. S.D.N.Y. 2005)).

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 7 of 12

In examining whether a recipient of funds is a mere conduit, courts examine the sequence of payments between the debtor, defendant, and third-party. For example, "where the debtor reimburses the defendant for the defendant's advance payment to a third-party," but the "defendant is 'not under any obligation to use the transfers for the benefit of the claimants'" the defendant is the "owner" of the funds it receives, and thus is not a mere conduit.[22]

"Courts have made it clear that to be a conduit, one cannot be a creditor and receive a payment to satisfy a debt—this is the 'hallmark' of a preferential transfer."[23] And that principle "remains true even where a debtor imposes an obligation on the defendant to pass along funds to a third-party."[24] Instead, "a true conduit's obligation to the transferee would not arise until the transferor paid the conduit and the amount of the obligation would depend on the amount the transferor paid to the conduit."[25]

Kepler argues that the sequence of payments between itself, the debtors, and Amazon shows that it was a mere conduit of the funds. Kepler contends that unlike scenarios in which the debtor reimburses a defendant for an advanced payment, Kepler's obligation to pay Amazon did not arise unless and until the debtors paid Kepler the amounts owed to Amazon. Kepler further argues that its obligation to

---

[22] *FBI Wind Down, Inc.,* 614 B.R. at 501 (quoting *Lenox Healthcare,* 343 B.R. at 104).

[23] *Lenox Healthcare,* 343 B.R. at 105 (citing *360networks*, 338 B.R. at 202).

[24] *FBI Wind Down, Inc.,* 614 B.R. at 501 (citing *In re Lambertson Truex, LLC*, 458 B.R. 155 (Bankr. D. Del. 2011)).

[25] *Lambertson*, 458 B.R. at 160 (citations omitted).

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 8 of 12

Amazon depended on the amount it received from the debtors. In support of those propositions, however, Kepler relies on the Amazon ad agreements and the advertising service agreement with the debtors, both of which were attached to the declarations.

In response to Kepler's motion to dismiss, the Committee contends that Kepler's status as a mere conduit requires a fact-intensive analysis regarding the extent of Kepler's dominion and control over the transfers. And that analysis includes an examination of the manner in which Kepler received and held the transfers, the bank accounts in which the funds were deposited, and Kepler's rights and uses of those accounts. The Committee argues that it is not obligated to disprove the affirmative defense of "mere conduit" at the pleadings stage of this litigation and that it has not yet had the opportunity to obtain the necessary discovery to address the defense. The Committee argues that even if the Court were to consider the exhibits attached to Kepler's declaration, those documents show that the payments came from a Kepler general operating account that commingled the transferred funds with non-debtor receipts.

Amazon's opposition to Kepler's motion to dismiss also asserts that the transferred funds were commingled in Kepler's bank account, illustrating its dominion and control over the transfers. Amazon argues that there is no evidence that Kepler used the same funds that it received from the debtors to pay Amazon because Kepler deposited the funds into a general operating account that it used to

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 9 of 12

pay Amazon. That bank account was allegedly controlled by Kepler and was in Kepler's own name. Amazon further contends that Kepler had both the discretion to decide how much to pay Amazon and when to pay Amazon. Both Amazon and the Committee point to caselaw that holds that a vendor is not a "mere conduit" where it accepts payments into its general operating account, thereby commingling the fund received with its other funds, even if the vendor transfers a portion of the funds to a third-party.

In *In re U.S. Interactive, Inc.,* the defendant was a travel agency that forwarded the debtors' transferred funds to hotels and airlines on behalf of the debtors.[26] The court held that the defendant retained dominion and control over the transferred funds because the money went into a general operating account from which a variety of parties could be paid.[27] The court reasoned that the defendant had "the power to decide who to pay with the funds received from the Debtors, including the Defendant's own creditors."[28] Because the defendant had the ability to decide who to pay, it was not a mere conduit.

Additionally, in *In re AES Thames,* the defendant argued it was acting as an agent and mere conduit when accepting payments from the debtor for third-parties.[29]

---

[26] 321 B.R. 388, 396 (Bankr. D. Del. 2005).

[27] *Id.*

[28] *Id.*

[29] *In re AES Thames, LLC*, No. 13-50406-KJC, 2016 WL 11595116, at *5 (Bankr. D. Del. Oct. 28, 2016).

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 10 of 12

The court focused on the following facts in determining that the defendant exercised dominion and control over the transferred funds: (1) the defendant's "bank account was maintained solely in its name"; (2) it "deposited funds into its account from sources other than the Debtor"; and (3) the defendant had no obligation to "segregate funds, hold funds in escrow or hold funds in trust that it received from the Debtor for the benefit of any third parties."[30] There, the court found that the defendant was "free to do what it pleased with the proceeds" from the debtor, despite the fact that the defendant "chose to pay a portion of the proceeds to [third-parties]."[31]

Here, the complaint does not allege facts that would establish that Kepler was a mere conduit. And even if the Court were to consider the attached documents, those documents on their face establish only that Kepler's obligation to pay Amazon did not arise until the debtors paid Kepler amounts owed to Amazon. That is not by itself sufficient to establish the defense. Evidence may still be presented establishing that the transferred funds went to a general Kepler bank operating account where such funds were commingled with non-debtor funds. Under the case law, that would suggest that Kepler was not a mere conduit.

Accordingly, the Court is satisfied that this is not one of those cases in which the complaint itself operates to plead the plaintiff out of court by alleging facts that

---

[30] *Id.*

[31] *Id.*

Case 23-50536-CTG    Doc 46    Filed 10/04/24    Page 11 of 12

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*, Adv. Proc. No. 23-50536
October 4, 2024
Page 11 of 12

show the availability of an affirmative defense. The Court will deny the motion to dismiss.

## II.     The complaint adequately alleges, in the alternative to its preference claim, a claim for fraudulent conveyance under § 548.

Kepler argues that the fraudulent conveyance claim fails because the complaint does not assert that the debtors received less than reasonably equivalent value in exchange for the transfers. Kepler also contends that the complaint fails to show that the debtors were insolvent at the time of, or became insolvent as a result of, the transfers at issue. In response, the Committee argues that the complaint asserts the fraudulent conveyance claim as an alternative theory to the preference claim. The Committee contends that the fraudulent conveyance claim operates to preserve the Committee's ability to pursue a fraudulent conveyance theory if it were to turn out that, contrary to the allegations in their preference count, one or more transfers were not made on account of antecedent debt (since the satisfaction of a valid debt would constitute reasonably equivalent value).

The complaint does generally allege that the debtors were insolvent, had insufficient liquidity to funds their operations, and were incurring debts beyond their availability to pay at the time of the transfers. The complaint incorporates by reference the declaration of Brian Teets in support of the chapter 11 petitions and first day motions that sets forth such facts.[32]

---

[32] Main Case D.I. 13.

*In re Pack Liquidating, LLC, et al.*, No. 22-10797; *Committee v. Kepler, et al.*,
Adv. Proc. No. 23-50536
October 4, 2024
Page 12 of 12

Kepler is likely correct that a transaction cannot give rise to *both* claims for preference and constructive fraudulent conveyance. The element of a preference that the payment be in satisfaction of an antecedent debt would likely by itself establish reasonably equivalent value, and thus defeat a claim for constructive fraudulent conveyance. But the Committee is right that it is entitled to assert those claims in the alternative. The motion to dismiss the fraudulent conveyance claim will therefore also be denied.

## Conclusion

For the reasons set forth above, the Court will deny Kepler's motion to dismiss. The Court will issue a separate order so providing.

Dated: October 4, 2024

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE