**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Pack Liquidating, LLC, *et al.*, <br> Debtor.[1] | Case No. 22-10797 (CTG) <br><br> (Jointly Administered) |
| Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al., derivatively on behalf of the Debtors' estates, <br> Plaintiff, <br><br> v. <br><br> Kepler Group LLC; and Amazon Advertising, LLC fka Amazon Media Group, LLC, <br><br> Defendants. | Adv. Proc. No. 23-50536 (CTG) |

**DEFENDANT KEPLER GROUP LLC'S ANSWER TO AMENDED
COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO
11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS
<u>PURSUANT TO 11 U.S.C. § 502</u>**

Defendant Kepler Group LLC ("<u>Kepler</u>") submits this answer ("<u>Answer</u>") to the *Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims pursuant to 11 U.S.C § 502* ("<u>Amended Complaint</u>") filed by the Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al. ("<u>Plaintiff</u>"), derivatively on behalf of the debtors and debtors-in-possession in the above-captioned bankruptcy proceeding (collectively, the "<u>Debtors</u>").

---

[1] The Debtors in these chapter 11 cases are: Pack Liquidating, LLC; GV Liquidating, LLC; PM Liquidating, LLC; PP Liquidating, LLC; and AB Liquidating, LLC.

Pursuant to Federal Rule of Civil Procedure 8, incorporated by Federal Rule of Bankruptcy Procedure 7008, Kepler generally denies each and every allegation of the Amended Complaint that is not expressly admitted herein.  Kepler also expressly denies each and every allegation and statement made in the headings and subheadings in the Amended Complaint, which are reproduced below for reference only and not as admissions of any of the allegations or statements made therein.  Kepler reserves the right to amend its Answer consistent with the facts discovered in this case.  In response to the numbered allegations in the Amended Complaint, Kepler states as follows:

## NATURE OF THE CASE

1.      States that the allegations in paragraph 1 of the Amended Complaint state the relief sought by Plaintiff in this action to which no response is required and deny that Plaintiff is entitled to the relief sought.

2.      States that the allegations in paragraph 2 of the Amended Complaint state the relief sought by Plaintiff in this action to which no response is required and deny that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

3.      States that the allegations in paragraph 3 of the Amended Complaint state a legal conclusion to which no response is required, except admits that the underlying chapter 11 bankruptcy cases are jointly administered under the caption *In re: Pack Liquidating, LLC, et al.*, Case No. 22-10797 (CTG).

4.      States that the allegations in paragraph 4 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 4 of the Amended Complaint.

16992478/1

5.      States that the allegations in paragraph 5 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 5 of the Amended Complaint.

6.      States that the allegations in paragraph 6 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 6 of the Amended Complaint.

7.      States that the Plaintiff's statement that it consents to entry of final orders and judgments by the Bankruptcy Court speaks for itself and requires no answer.

## PROCEDURAL BACKGROUND

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

9.      Admits the allegations in paragraph 9 of the Amended Complaint.

10.      Admits the Debtors remained in possession of their assets and continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Amended Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12.      Admits the allegations in paragraph 12 of the Amended Complaint.

13.      Admits that on May 19, 2023, the Court entered the *Order Approving Stipulation and Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Commence Preference and Related Chapter 5 Litigation Claims on Behalf of the Debtors' Estates*, and respectfully refers the Court to the order for the contents thereof.

**THE PARTIES**

14.    Admits the first two sentences of paragraph 14 of the Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 14 of the Amended Complaint.

15.    Kepler admits that it was a vendor or creditor that licensed and installed Amazon advertising platform to or for the Debtors, admits that its principal place of business is 6 E. 32nd Street, 9th Floor, New York, New York 10016, and that it is a limited liability company.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

**FACTUAL BACKGROUND**

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18.    States that the First Day Declaration speaks for itself. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Amended Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     The allegations in paragraph 25 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 25 of the Amended Complaint.

26.     The allegations in paragraph 26 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 26 of the Amended Complaint.

27.     The allegations in paragraph 27 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 27 of the Amended Complaint.

28.     The allegations in paragraph 28 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 28 of the Amended Complaint.

29.     The allegations in paragraph 29 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 29 of the Amended Complaint.

30.     Denies the allegations in paragraph 30 of the Amended Complaint.

31.     Admits the allegations in paragraph 31 of the Amended Complaint.

32.     Admits the allegations in paragraph 32 of the Amended Complaint.

16992478/1

33.     Denies that the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Kepler during the Preference Period and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 33 of the Amended Complaint.  The allegations in the second and third sentences of paragraph 33 of the Amended Complaint refer to an attachment to the Amended Complaint. Kepler respectfully refers the Court to that attachment for a true and accurate statement of its contents, and otherwise denies the allegations in the second and third sentences of paragraph 33 of the Amended Complaint.

34.     States that the allegations in paragraph 34 of the Amended Complaint state the relief sought by Plaintiff in this action to which no response is required and deny that Plaintiff is entitled to the relief sought.

35.     The allegations in paragraph 35 of the Amended Complaint refer to a document. Kepler respectfully refers the Court to that document for a true and accurate statement of its contents, and otherwise denies the allegations in paragraph 35 of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 36 of the Amended Complaint.  Kepler states that the remaining allegations in paragraph 36 of the Amended Complaint are a legal conclusion to which no response is required.

37.     Denies that Plaintiff may avoid some or all of the Transfers against Kepler.

38.     Denies that Plaintiff may amend its Complaint and that any such amendment relates back to the original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

39.     Kepler incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

40.     Denies that one or more of the Debtors made Transfers to or for the benefit of Kepler in an aggregate amount not less than $409,044.05, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[e]ach Transfer was made from one or more of the Disbursement Accounts described *supra*," and states that the remaining allegations in paragraph 41 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the remaining allegations in paragraph 41 of the Amended Complaint.

42.     States that the allegations in paragraph 42 of the Amended Complaint are a legal conclusion to which no response is required. To the extent a response is required, Kepler denies the allegations in paragraph 42 of the Amended Complaint.

43.     States that the allegations in paragraph 43 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 43 of the Amended Complaint.

44.     States that the allegations in paragraph 44 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 44 of the Amended Complaint.

45.     States that the allegations in paragraph 45 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 45 of the Amended Complaint.

46.     States that the allegations in paragraph 46 of the Amended Complaint are a legal conclusion to which no response is required. To the extent a response is required, Kepler denies the allegations in paragraph 46 of the Amended Complaint.

47.     States that the allegations in paragraph 47 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 47 of the Amended Complaint.

48.     States that the allegations in paragraph 48 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 48 of the Amended Complaint.

## COUNT II
### (Avoidance of Fraudulent Conveyances -11 U.S.C. § 548(a)(1)(B))

49.     Kepler incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

50.     States that the allegations in paragraph 50 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 50 of the Amended Complaint.

51.     States that the allegations in paragraph 51 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 51 of the Amended Complaint.

## COUNT III
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

52.     Kepler incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

53.     States that the allegations in paragraph 53 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 53 of the Amended Complaint.

54.     States that the allegations in paragraph 54 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 54 of the Amended Complaint.

55.     States that the allegations in paragraph 55 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 55 of the Amended Complaint.

## COUNT IV
### (Disallowance of all Claims -11 U.S.C. § 502(d) and (j))

56.     Kepler incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

57.     States that the allegations in paragraph 57 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 57 of the Amended Complaint.

58.     States that the allegations in paragraph 58 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 58 of the Amended Complaint.

16992478/1

59.     States that the allegations in paragraph 59 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 59 of the Amended Complaint.

60.     States that the allegations in paragraph 60 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies the allegations in paragraph 60 of the Amended Complaint.

## PRAYER

States that the allegations the paragraph entitled "Prayer" are a legal conclusion to which no response is required.  To the extent a response is required, Kepler denies those allegations.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(B)

For purposes of this Adversary Proceeding only, Kepler consents to entry of final orders or judgment by the Bankruptcy Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     The Amended Complaint is barred by Plaintiff's failure to state a claim against Kepler upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     The Amended Complaint is barred by the affirmative defenses contained in 11 U.S.C. § 550, including affirmative defenses premised on Kepler's status as a "mere conduit" of funds and as a good faith transferee for value.

### THIRD AFFIRMATIVE DEFENSE

3.     The Amended Complaint is barred by 11 U.S.C. § 547(c), including subsections (c)(1), (c)(2) and (c)(4).

## FOURTH AFFIRMATIVE DEFENSE

4.      The Amended Complaint is barred by 11 U.S.C. § 547(b).

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.


WHEREFORE, Kepler prays for judgment as follows:

A.      Dismissal, with prejudice, of the Amended Complaint against Kepler.

B.      An award of attorneys' fees and costs incurred in defending this action, to the extent

such costs and fees are recoverable by law or in equity.

C.      Such other relief that this Court deems just and proper.


Dated: October 18, 2024
      Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
      cdonnelly@morrisjames.com

-and-

**SEWARD & KISSEL LLP**
Robert J. Gayda (admitted *pro hac vice*)
Laura E. Miller (admitted *pro hac vice*)
Catherine LoTempio (admitted *pro hac vice*)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
E-mail: gayda@sewkis.com
      millerl@sewkis.com
      lotempio@sewkis.com

*Attorneys for Defendant Kepler Group LLC*